UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GREENWOOD 950 L L C                    CIVIL ACTION NO. 25-cv-009

VERSUS                                 MAGISTRATE JUDGE HORNSBY

MILAM & CO CONSTRUCTION INC ET AL

**MEMORANDUM ORDER**

**Introduction**

Greenwood 950, LLC alleges that it was not paid for all of the work it did in connection with a construction project on which the general contractor was Milam & Co Construction, Inc. and the owner was Penske Truck Leasing Co., LP. Greenwood filed this action that (1) asserts a claim against Milam on open account for $67,060 and (2) asserts a claim against Penske based on provisions of the Louisiana Private Works Act.

Before the court is Penske's Motion for Partial Summary Judgment (Doc. 20) asking that all claims against it be dismissed because Milam filed a release of lien on bond. The motion was noticed for briefing, but Greenwood did not file any timely opposition. Penske is entitled to summary judgment based on the uncontested facts present so, for the reasons forth below, all claims against Penske will be dismissed.

**Analysis**

Greenwood alleged in its petition that it asserted its claim against Penske pursuant to La. R.S. 9:4802. The statute provides subcontractors, sellers and others who contribute to a work with a claim against the owner and contractor to secure payment of certain

obligations.  The persons who are granted a claim or privilege may file a lien in the mortgage records against the owner and its immovable property on which the work was performed. La. R.S. 9:4822 and 9:4831(A).

The Act provides in La. R.S. 9:4823(E) that: "A claim against the owner and the privilege securing it granted by this Part are extinguished if a bond is filed by a contractor or subcontractor as provided by R.S. 9:4835."  The referenced Section 4835 provides that if a statement of claim or privilege is filed, any interested person may deposit with the recorder of mortgages a bond of a lawful surety company to guarantee payment of the obligation secured by the privilege.  If the recorder of mortgages finds the bond in conformity with the statute, he is to take certain actions that include cancelling the statement of claim or privilege from his records.  La. R.S. 9:4835.

Penske has submitted uncontested summary judgment evidence in the form of an affidavit from Barrett Milam, a representative of Milam who has personal knowledge of the contractor's operations.  Mr. Milam testifies that in December 2024 Milam procured a lien bond in an amount in excess of $86,000 to effectuate the release of Greenwood's privilege against the Penske property.  Upon Milam's filing of the bond, the Caddo Parish Clerk of Court issued a "Release of Lien on Bond" that released the privilege from the Penske property.

The only claims that Greenwood asserts against Penske are based on the Private Works Act.  Pursuant to Section 4823(E), both Greenwood's claim and privilege securing it granted by the Act were extinguished when Milam filed a bond in compliance with Section 4835 and obtained the statutory release.  Penske is entitled to summary judgment

dismissing all of Greenwood's claims against it.  <u>Russelville Steel Sales & Serv., Inc. v.</u>
<u>Nat'l Supermarkets, a Div. of Nat. Tea Co.</u>, 542 So. 2d 600 (La. App. 5th Cir.
1989)(affirming summary judgment for an owner in similar circumstances).  Accordingly,
Penske's **Motion for Partial Summary Judgment (Doc. 20)** is **granted.**  All claims
asserted in this action against Penske Truck Leasing Co., LP are dismissed with prejudice.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of April,
2025.

Mark L. Hornsby
U.S. Magistrate Judge