UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GREENWOOD 950, LLC                              CIVIL ACTION NO. 25-cv-009

VERSUS                                                    MAGISTRATE JUDGE HORNSBY

MILAM & CO CONSTRUCTION INC ET AL

## MEMORANDUM ORDER

### Introduction

Greenwood 950, LLC alleges that it was not paid for all of the work it did in connection with a construction project on which the general contractor was Milam & Co Construction, Inc. ("Milam, Inc.") and the owner was Penske Truck Leasing Co., LP ("Penske"). Greenwood filed this action that (1) asserts a claim against Milam, Inc. on open account for $67,060 and (2) asserts a claim against Penske based on provisions of the Louisiana Private Works Act. Penske was granted summary judgment and has been dismissed from the case.

Two motions are before the undersigned, to which this case was referred pursuant to 28 U.S.C. § 636(c) and the consent of the parties. The first is Greenwood's Motion in Limine and to Strike Affirmative Defenses (Doc. 23) that attacks Milam, Inc.'s defense that it is not the company that entered into a contract with Greenwood. Milam, Inc. has represented since the beginning of the litigation that the proper defendant and actual contractor is Milam & Co. LLC Alabama ("Milam Alabama"). Greenwood contends that

Milam, Inc. is barred from taking this position. For the reasons that follow, this motion will be denied.

The second motion is Greenwood's Motion for Leave to Amend Complaint (Doc. 28) to add new a defendant, Merchants Bonding Company (Mutual) ("Merchants Bonding"), which issued a lien release bond that was filed in the mortgage records and, pursuant to state law, resulted in the dismissal of all claims against Penske. For the reasons that follow, this motion will be granted.

**The Motion in Limine and to Strike**

Greenwood alleged in its petition that it sold dirt to Milam, Inc. which was acting as a general contractor in the construction of one or more buildings on property owned by Penske. Greenwood alleged that it also accepted delivery of waste dirt or overburden from Milam, Inc. and transported it from the site for disposal in Greenwood's dirt pit. Milam, Inc. made some payments but left a balance due of $67,060.

Milam, Inc. stated in its answer that, in response to the allegation that it was acting as general contractor, it "was not the contracting entity acting as General Contractor on the property owned by Penske." The defendants (Milam, Inc. and Penske filed a joint answer) admitted "that the entity acting as General Contractor on the project entered into a verbal agreement with Plaintiff to haul certain fill dirt to the Property at issue," but they denied all other allegations in that part of the petition for lack of sufficient information. In the affirmative defenses portion of the answer, the defendants asserted: "Plaintiff has no right of action against Milam & Co. Construction, Inc. for its claims" and that "Milam & Co.

Construction, Inc. is not the entity that contracted with Plaintiff to perform work at the Property at issue."

Greenwood's motion in limine/to strike attacks this "wrong company" defense. The motion states that counsel for Milam has represented that the entity that Greenwood contracted with was actually Milam & Co. LLC of Alabama. Greenwood contends that judicial admissions and other evidence undermine this contention. It asks the court to deem it judicially confessed or admitted that Milam, Inc. acted as contractor on the project and entered into a verbal contract with Greenwood. Greenwood asks the court to strike Milam, Inc.'s "wrong company" defense from its answer and bar the admission of any evidence contrary to Greenwood's view that Milam, Inc. was the contractor.

Greenwood submits the affidavit of David Poston, a member and manager of Greenwood. He describes how he received a call from an employee acting on behalf of "Milam" who wanted to hire Greenwood for some work. Greenwood did the work and sent a total of ten invoices directed to Milam & Co. Construction over the course of several months. Poston testifies that no one from Milam, Inc. ever protested that Greenwood was invoicing the wrong entity. The several invoices that were paid were paid by checks issued by Milam & Co. Construction, Inc. Copies of the invoices and checks are attached to the motion.

Greenwood also points to the fact that Milam, Inc. filed a release bond to secure the release of the claim against Penske. Greenwood sued Penske only for claims under the Louisiana Private Works Act. The Act provides that "any interested person" may file a release of lien bond. It also provides that a claim against the owner (Penske) and the

privilege securing it granted by the Act are extinguished if a bond is filed by "a contractor or subcontractor" as provided in the statute.  The court previously granted Penske's unopposed motion for summary judgment because Penske showed that a bond was filed by Milam & Co. Construction, Inc.  Greenwood argues that Milam, Inc. judicially confessed or admitted to being the contractor by being listed as principal on the release bond that was filed and used to obtain Penske's dismissal.

Milam, Inc. submits with its memorandum in opposition a copy of the construction contract with Penske.  The contract identifies the contractor as Milam & Co., LLC of Alabama.  Counsel represents that members of the Milam family own both Milam Alabama and Milam, Inc., but Milam Alabama was the contractor on this job.  This position was represented in Milam, Inc.'s initial disclosures, and the Rule 26 case management report stated that the defendants asserted that the Milam defendant had been misidentified so that an amendment was anticipated.  Counsel for Milam, Inc. provided Greenwood's counsel a copy of the contract that listed Milam Alabama as the contractor, plus records from the Louisiana Secretary of State that show that Milam, Inc. has long been inactive in Louisiana with its charter revoked, while Milam Alabama is active and in good standing.

Motions in limine are meant to deal with evidentiary issues related to trial, and they should not be offered as a disguised motion for summary judgment.  Denial is warranted where the movant seeks to argue the merits of its case and preclude the non-moving party from presenting its case.  Manuel v. Protective Ins. Co., 2023 WL 7170466, *1 (E.D. La. 2023); Grand Isle Shipyards, Inc. v. Black Elk Energy Offshore Operations, LLC, 2021 WL 535815 (E.D. La. 2021).  See also 21 Federal Practice and Procedure (Wright & Miller)

§ 5037.18 ("caselaw provides ammunition against those who would use the motion in limine as a substitute for a motion for summary judgment or other peremptory ruling in civil cases").

Greenwood's motion in limine and to strike is more in the nature of a motion for summary judgment. The defense that it seeks to strike is plainly not lacking on its face, so Greenwood's arguments require the assessment of factual evidence. It is, therefore, appropriate to deny the motion on those procedural grounds.

Denial is also warranted if the motion is treated as a motion for summary judgment. Greenwood presents its motion as an attack on a defense, but Greenwood bears the burden of proving as part of its claims that it contracted with Milam, Inc. When the party who moves for summary judgment will carry the burden of proof on a claim at trial, he must establish beyond peradventure all of the essential elements of the claim. If the movant succeeds, the nonmovant can defeat the motion by designating specific facts showing that there is a genuine issue for trial. Guzman v. Allstate Assurance Co., 18 F.4th 157, 160 (5th Cir. 2021).

Both Louisiana and federal law require that a judicial confession or admission be clear and express. "A declaration that expressly acknowledges an adverse fact and is made by a party in a judicial proceeding is a judicial confession that constitutes full proof against the party who made it." La Louisiane Bakery Co. v. Lafayette Ins. Co., 61 So. 3d 17, 26 (La. App. 5th Cir. 2011). "A judicial confession must be explicit and not merely implied." Id. "Only 'deliberate, clear and unequivocal' statements can constitute conclusive judicial admissions." Matter of Corland Corp., 967 F.2d 1069, 1074 (5th Cir.1992).

The court does not find that Milam, Inc. has taken any step that makes such an explicit and unequivocal confession or admission that it was the contractor on the project and/or the person who contracted with Greenwood. The Private Works Act allows any interested person to file a bond, so Milam, Inc. did not have to be the contractor to do so.

The statutory provision for extinguishing the claim against the owner does refer to the filing of a bond by a contractor. Penske moved for summary judgment based on that statute, and Greenwood did not file any opposition. The fact that Penske then obtained summary judgment in its favor does not amount to a judicial admission by Milam, Inc. that it was the contractor. Those facts may amount to some evidence or support an argument that Milam, Inc. was the contractor, but they do not establish it beyond dispute.

The same is true of Milam, Inc. being the principal on the surety bond. The statute allowed any interested person to obtain a bond and file it. Milam, Inc., as a party to this suit and a codefendant with Penske, was an interested person. Securing and filing the bond did not amount to a judicial confession by Milam, Inc. that it was the contractor on the project.

The affidavit filed by Barrett Milam is also not a judicial confession that Milam, Inc. was the contracting entity. Mr. Milam testified in an affidavit that was filed in support of Penske's motion for summary judgment that he was a representative of Milam, Inc. and had personal knowledge of its operations. He then described how Greenwood *alleged* that Milam, Inc. acted as the general contractor for the project, how Greenwood filed a lien, and how Milam, Inc. procured a lien bond and recorded it in the mortgage record. Mr. Milam did not testify that Milam, Inc. was the contractor on the project.

There are genuine disputes about the key facts at issue, and Greenwood's best arguments provide some, but certainly not definitive or undisputed, evidence that Milam, Inc. was either the contractor on the project or entered into a contract with Greenwood. If factual issues or conflicting inferences exist, the court is not to resolve them; rather, summary judgment must be denied. Greenwood has not met its summary judgment burden of establishing that Milam, Inc. was the contractor or that it entered into a contract with Greenwood..

**Motion for Leave to Amend Complaint**

The scheduling order set a deadline of March 27, 2025 for the joinder of parties and amendment of pleadings. Plaintiff waited until June 20, 2025 to file its motion for leave to amend and add as a new defendant Merchants Bonding. The proposed amended complaint alleges that Merchants Bonding issued the lien release bond and thus bound itself to responsibility for the liability incurred by its principal, Milam, Inc. for work done by Greenwood on the project. The proposed amendment also alleges that Milam, Inc., by virtue of signing the bond as principal, contractually obligated itself to the debt owed to Greenwood if it prevails on its claims.

Milam, Inc. opposes the proposed amendment because Greenwood has not made a showing of good cause, as required when a proposed amendment is offered after the pleadings deadline. Milam, Inc. notes that the deadline for discovery is September 1, 2025, and Greenwood has not propounded any discovery at this point. Milam, Inc. is concerned that the addition of a party and additional factual allegations at this stage will make the current scheduling order unworkable. Defense counsel state that they are willing to consent

to an amendment if Plaintiff were to substitute or add Milam Alabama along with Merchants Bonding, with the same allegations made in the original petition, and with a simultaneous joint motion to continue the current scheduling order deadlines and trial date.

The court finds that the best exercise of its discretion under the circumstances is to vacate the current scheduling order and allow the proposed amendment so that Merchants Bonding may be added as a defendant.  That will promote the efficient resolution of the dispute among all relevant parties in one proceeding.

Greenwood should give serious consideration to whether it wishes to file a second amended complaint and add Milam Alabama as a substitute or additional defendant.  When the pleadings deadline in the new scheduling order passes, considering the extensive advance notice Greenwood has been given regarding this issue, the court will be very unlikely to allow an untimely amendment to add Milam Alabama.  Greenwood should add Milam Alabama now, or it will be risking its whole case on proving that Milam, Inc. was the contractor.

**Conclusion**

For the reasons stated above, **Greenwood's Motion in Limine and to Strike Affirmative Defenses (Doc. 23)** is **denied**.  Greenwood's **Motion for Leave to Amend Complaint (Doc. 28) is granted**.  The trial date and all other deadlines set in the **scheduling order (Doc. 19) are vacated**.  Greenwood is encouraged to serve Merchants Bonding as soon as possible.  The court will set a conference to select a new trial date and related deadlines after counsel for Merchants Bonding makes an appearance in the case.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of July, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge