UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GREENWOOD 950 LLC                                CIVIL ACTION NO. 25-cv-009

VERSUS                                           MAGISTRATE JUDGE HORNSBY

MILAM & CO CONSTRUCTION INC ET AL


**MEMORANDUM ORDER**

Greenwood 950, LLC, alleges that it had an oral agreement with defendant Milam for Milam to purchase select fill dirt at $4.50 cents per cubic yard and for Greenwood to, at no charge, haul away overburden dirt from the site and dispose of it in Greenwood's pit. Greenwood alleges that parties also agreed that if Milam did not purchase at least 60,000 yards of select fill, then Greenwood would charge Milam $2 per cubic yard for its receipt of the overburden. Milam only purchased 220 yards of select fill, Greenwood billed Milam for the $2 fee, and Milam refused to pay. This lawsuit followed. Before the court is a motion by Milam and co-defendant Merchant Bonding which asks the court to (1) strike Greenwood's Motion for Partial Summary Judgment as untimely and (2) strike Greenwood's untimely identification of an expert witness.

With respect to the untimely motion for summary judgment, Greenwood does not dispute that it filed its motion eight days after the dispositive motion deadline. That deadline is critical to keeping the case on track for trial by allowing the court adequate time to resolve dispositive motions before the pretrial conference. That is why the scheduling order stated: "Motions to extend the dispositive motion deadline are disfavored and will be

granted only in exceptional circumstances." Greenwood did not file a motion of extension of time.  It merely filed the motion late and without explanation.  On the other hand, the defendants filed two motions for summary judgment on the deadline.

Greenwood argues that, to the extent that its untimely filing was neglectful, its tardiness is attributable to Milam not serving responses to some of Greenwood's written discovery until after their deadline and only one day before the dispositive motion deadline. Greenwood's excuse is not valid.  If it had filed a motion for extension of time and articulated sound reasons, the court likely would have granted Greenwood few additional days even though such extensions are disfavored.  But a party may not afford itself an extension of the dispositive deadline because it perceives another party to be tardy with respect to its discovery obligations (or for any other reason).

The court would be well within the scope of its discretion to strike Greenwood's motion for summary judgment as untimely.  However, it will not do so because this is likely the fault of counsel and not the client, and the short delay did not cause the defendants any appreciable prejudice.  The motion has been more than adequately briefed and is ripe for decision.  The court exercises its discretion to allow Greenwood's motion for summary judgment to stand and be tested on the merits.

The next issue is Greenwood's identification of a proposed expert witness, Mr. Lou Chandler, in a supplemental discovery response served on April 20, 2026.  Early in the case, and the initial scheduling conference, the parties advised the court that they would not use experts in the case.  Accordingly, all expert-related deadlines in the scheduling order were marked N/A for not applicable.  The same is true with respect to the Amended

Scheduling Order (Doc 46) that is now in place, which sets a trial date of August 17, 2026. The pretrial conference is on July 15, 2026, and the discovery deadline passed in March 2026.  Dispositive motions have been filed and are ripe for decision.

Greenwood's April 20, 2026 supplemental response to an interrogatory about potential experts stated that it anticipates calling Mr. Lou Chandler, the founder and former president of Lou Chandler Inc, whose expertise is in dirt pit operation and commercial site work, including excavation, demolition, and drainage. The supplemental response stated that Mr.  Chandler's testimony would be primarily on commercial dirt work operations, including customary methods of estimating, bidding and contracting jobs.

Greenwood admits that it initially represented that it did not anticipate calling any expert witnesses at trial.  And it denies that its untimely identification of Mr.  Chandler was any sort of gamesmanship because, "Mr.  Chandler's identity and potential role as an expert witness only became known to undersigned counsel as the case progressed, and obtaining Mr.  Chandler's agreement to serve in that capacity required additional time."  Greenwood stated that it was only after it had secured Mr. Chandler's participation that it was able to supplement its discovery response, and it did so immediately afterward.  It contends that there is enough time remaining before the August trial for the defendants to depose Mr. Chandler, designate defense experts, and raise any Daubert challenge.

Federal Rule of Civil Procedure 16(b) authorizes the court to control and expedite pretrial discovery and related matters through a scheduling order.  It provides in Rule 16(b)(4) that the schedule "may be modified only for good cause and with the judge's consent."  The trial court is afforded considerable discretion to preserve the integrity of the

scheduling order.  <u>Newsome v. Internation Paper Company</u>, 123 F.4th 754, 766 (5th Cir. 2024) (affirming exclusion of expert not designated until after the discovery deadline, after dispositive motions were filed, and only two months before trial).

A key factor in deciding whether to allow an untimely designation of an expert is the designating party's explanation for its failure to identify the potential expert on a timely basis.  <u>Newsome</u> stated that an explanation that counsel only learned of the potential need for an expert after the defendant moved for summary judgment on an issue is not a sufficient explanation.  Greenwood does not say what it was, as the case progressed, that motivated it to retain an expert, but the timing suggests that the decision may have been influenced by arguments made in the defendants' motions for summary judgment. Greenwood's identification of Chandler was made five days after those motions were filed.

Greenwood has not offered an adequate explanation for its failure to notify the court much earlier in the proceedings that it wished to call an expert witness.  Had it done so before this late stage of the case, perhaps the scheduling order could have been modified to accommodate the request.  Now, despite Greenwood's assertion to the contrary, there is not sufficient time remaining before trial to reasonably complete the expert report/deposition/challenge process in a way that would not prejudice the defendants (and the court) who relied on Greenwood's prior representations and the scheduling order that was based on those representations.  The court has no intention of continuing this case to allow for such a process.

For these reasons, **Defendants' Joint Motion to Strike Greenwood's Untimely Identification of its Expert Witness and Partial Motion for Summary Judgment (Doc**

**56)** is (a) denied in part by declining to strike Greenwood's motion for partial summary judgment and (b) granted in part by excluding Mr. Chandler as an expert witness based on his untimely identification.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of July, 2026.

Mark L. Hornsby
U.S. Magistrate Judge