UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GREENWOOD 950 L L C — CIVIL ACTION NO. 25-cv-0009

VERSUS — MAGISTRATE JUDGE HORNSBY

MILAM & CO CONSTRUCTION INC ET AL

**MEMORANDUM ORDER**

Greenwood's principal claim in this civil action is that Milam, Inc. breached the terms of an oral agreement by not purchasing from Greenwood a certain amount of fill dirt, thus incurring a $2 per yard fee for Greenwood's disposal of overburden dirt. Greenwood issued an invoice for $67,060 for the $2 fee, Milam, Inc. refused to pay, and this lawsuit followed. Competing motions for summary judgment were denied due to factual disputes, and the trial date is approaching.

The parties have filed competing memoranda regarding the impact of La. Civ. Code art. 1846, which governs proof of an oral contract. It provides that when a writing is not required by law, a contract not reduced to writing for a value not in excess of $500 may be proved by competent evidence. But if the value is more than $500 "the contract must be proved by at least one witness and other corroborating circumstances."

The plaintiff himself may serve as the witness to establish the existence of the oral contract. The "other corroborating circumstances" need only be general in nature. Independent proof of every detail of the agreement is not required, but the other

corroboration must come from a source other than the plaintiff. Suire v. Lafayette City-Par. Consol. Gov't, 907 So. 2d 37, 58 (La. 20005).

The effect of Article 1846 was not raised by the parties in their earlier motion practice, but the court noted in its ruling that a preliminary question for the jury will be whether Greenwood had an enforceable contract with Milam, Inc. that included a term that Milam would owe a $2 per yard overburden charge if it did not buy a certain amount of fill from Greenwood. Of the deposition testimony submitted with the motions, only Mr. Poston (a Greenwood principal) testified that the agreement included the $2 charge, and the other two witnesses denied that there was any such discussion. The court suggested that the parties, as they prepare their case for trial, keep in mind the requirement of Article 1846.

Greenwood questioned at the pretrial conference whether Article 1846 would apply in federal court under Erie because it is in a chapter of the code titled Proof of Obligations and was perhaps procedural. Greenwood, in its memorandum, apparently concedes that the article is applicable in this diversity case. Federal courts have applied the article in similar disputes. Higgins v. Smith International, Inc., 716 F.2d 278 (5th Cir. 1983) (applying predecessor Article 2277); Thomas Indus. & Mech. Constructors LLC v. Hood Container of Louisiana, LLC, 2025 WL 2176513 (M.D. La. 2025); and Shargian v. Shargian, 2023 WL 4624742 (E.D. La. 2023). Another point worth noting is that Greenwood has asserted a count for ordinary breach of contract and a count based on Louisiana's open account statute. Louisiana courts have applied Article 1846 in claims based on the open account statute. Barges Unlimited Inc. v. Morgan City Stevedores, LLC,

367 So. 3d 736, 748-49 (La. App. 1st Cir. 2023); L. Off. of Brian E. Crawford, L.L.C. v. Winnsboro Elevator, L.L.C., 251 So. 3d 670, 674-75 (La. App. 2d Cir. 2018).

The parties, in their competing memoranda, argue about how Article 1846 should apply to the evidence that they expect will be presented at trial and whether Greenwood can meet its burden. The cases cited by the parties state that "[t]he question of whether evidence presented is sufficient to corroborate a claim under article 1846 is a finding of fact to be made by the trier of fact," which in this case will be the jury. Archaga v. Johnson, 280 So. 3d 331 (La. App. 5th Cir. 2019). The jury will answer that question after it has been instructed in the governing legal principles and burden of proof. The court will not attempt to assess the propriety of their decision before it has been made.

The court will comment briefly on an issue that is at the heart of Greenwood's argument. Greenwood argues that Article 1846 requires other corroborating circumstances to prove that a contract exists but does not require such corroboration to prove all of the provisions of the contract. Greenwood argues that, if it can prove with corroboration the existence of a contract with Milam, Inc., then it can base its claim that the contract includes a $2 per yard penalty provision on Mr. Poston's testimony alone without corroborating circumstances of that provision.

Greenwood's argument is undermined by decisions such as Read v. Willwoods Community, 165 So.3d 883 (La. 2015). There was no question that the employee and employer in that case had an oral contract to employ the plaintiff in exchange for a certain salary and benefits package. After the plaintiff was fired about a year into the job, he claimed that the parties also agreed that the contract had a five-year term and that he was

due the remainder of his claimed salary and benefits for the five-year period. The jury ruled in favor of the plaintiff that there was a limited duration employment contract for a term of five years, but the Supreme Court threw out the verdict because the plaintiff had no proof of the five-year term other than his own testimony. The lack of corroborating circumstances with respect to the five-year term was fatal. Similarly, Greenwood will need corroborating circumstances to support its claim that an oral contract with Milam, Inc. included the $2 penalty fee provision.

Greenwood next argues that it has met its burden of establishing a contract because Milam, Inc. made a judicial declaration in a filing that the defendants "admit that the entity acting as General Contractor on the project entered into a verbal agreement with Plaintiff to haul certain fill dirt to the Property at issue." First, that statement does not admit that Greenwood entered into a contract with Milam, Inc. The identity of the general contractor, as discussed in the summary judgment ruling, is in dispute. The admission also says nothing about the $2 fee.

Greenwood next states that it will object to the Defendants' attempted introduction of a construction contract document that is signed by Milam Alabama as general contractor and lists Penske as the owner. Greenwood argues that this contract, not signed by Penske, is an attempt to prove an oral contract that must satisfy the conditions of Article 1846. The court will listen to any such objection at trial, but it notes that Milam, Inc. is not attempting to enforce against Penske any terms of that purported contract in this case. Rather, Milam, Inc. will presumably be introducing the document as evidence relevant to the identity of the general contractor. Greenwood is free to argue that the lack of signature by Penske or

other aspects of the document reduce its weight with respect that issue, but Article 1846 does not appear to prevent its admission into evidence.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of August, 2026.

**Mark L. Hornsby**
**U.S. Magistrate Judge**